**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 5, 2005
Decided July 12, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 04-2795

| | |
|---|---|
| KAMRAN Q. MALIK,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
|     *v.* | No. A77-958-103 |
| ALBERTO R. GONZALES, Attorney<br>General of the United States of America,<br>    *Respondent*. | |

**O R D E R**

Pakistani native Kamran Malik applied for asylum alleging that he faced persecution based on his membership in the Muslim League party, whose government was overthrown by a military coup in 1999. The Immigration Judge denied his petition for asylum and withholding of deportation, determining that Malik did not meet his burden of proof because his airport interview and later testimony were inconsistent. The Board of Immigration Appeals summarily affirmed, and we now deny Malik's petition for review of the BIA's decision.

Malik destroyed his credibility from the start, arriving at the Los Angeles airport from Pakistan in May 2001 with a passport and visa bearing another individual's name. After immigration officials stopped him, Malik admitted that the travel documents were not his. During an airport interview with an

immigration official, Malik initially explained that he sought employment so that he could support his family in Pakistan. The money Malik hoped to earn would go toward his two sisters' dowries and paying back the $20,000 his parents borrowed from private individuals to send him to United States. When asked whether he had any fear or concern about being returned to Pakistan or whether he would be harmed, Malik stated only that he would not be able to pay back the loan and feared what the private lender would do to him and his family; he mentioned no fear of persecution.

Malik then changed his story in a credible-fear interview, asserting for the first time that he faced persecution if he were returned to Pakistan based on his political beliefs. Malik attested that he was the general secretary of the student branch of the local Muslim League party in the district of Gujrat. In 1999, the government of the Muslim League was overthrown by General Musharraf and its leaders imprisoned. Malik organized a rally to protest their imprisonment, at which officers arrested him. According to Malik, officers tortured him for 12 days until his parents bribed the officers to release him. Fearing police would never leave him alone, Malik fled to the United States.

Malik claimed during the credible-fear interview that he decided to tell officials about his fear of persecution after talking at the detention center to fellow Pakistanis who reassured him that if he told "all the truth," he would not be sent back to Pakistan. He later applied for asylum and withholding of deportation with allegations consistent with his credible-fear interview. He explained in the application and at the hearing that he did not tell the immigration officials at the airport about the persecution because he was "in distress" from his long journey to the United States and feared that he would be deported if he told officials he was seeking asylum.

To corroborate his account, Malik submitted a copy of his Muslim League membership card, and copies of the 2001 police report and arrest warrants. The IJ entered the copy of the membership card into the record despite concerns that the original card was never presented to verify its authenticity. The IJ, however, sustained the government's objection to the other documents based on Malik's failure to comply with 8 C.F.R. § 3.33 (now 8 C.F.R. § 1003.33), which required the attachment of an English translation and certification by the translator.

Based on the inconsistencies between his airport interview and his later testimony at the hearing, the IJ determined that Malik did not establish a "persuasive claim to asylum." And Malik's explanation for lying during his airport interview was not "altogether convincing." The IJ also questioned the authenticity of the copy of the Muslim League membership card, and noted Malik's failure to supply other documents corroborating his membership. Malik appealed the IJ's

decision, and the BIA summarily affirmed under 8 C.F.R. § 1003.1(a)(7), and so the IJ's decision becomes that of the BIA for purposes of judicial review. *See Georgis v. Ashcroft*, 328 F.3d 962, 966-67 (7th Cir. 2003).

It is difficult to parse any substantive argument from Malik's petition. As best we can discern, Malik asserts that the IJ erroneously discounted his credibility based on the inconsistencies between the story he told the immigration officials at the airport and his testimony at the hearing. Malik seems to suggest that the IJ should have excused his failure to inform the immigration officials at the airport about his fear of persecution if returned to Pakistan because he "was in a confused mental state, it was a long arduous journey," and he was afraid he would be sent back. If an IJ finds a petitioner's testimony not credible, the petitioner must present "a convincing explanation of the discrepancies or extrinsic—and credible—corroborating evidence." *Capric v. Ashcroft*, 355 F.3d 1075, 1086 (7th Cir. 2004). But, as in this case, an explanation that presents only an alternative interpretation of the evidence alone is insufficient to overturn an IJ's credibility finding. *See Krouchevski v. Ashcroft,* 344 F.3d 670, 673 (7th Cir. 2003); *Ahmad v. INS*, 163 F.3d 457, 461 (7th Cir. 1999.)

Malik also seems to argue that the IJ should have found his testimony credible based on corroborating evidence in the record establishing that he faced persecution if returned to Pakistan. In particular, Malik claims that his testimony "is bolstered" by his membership card in the Muslim League, arrest warrants (which the IJ did not permit into the record), and the 2002 Department of State country report for Pakistan. Yet his brief does not discuss why these documents should have swayed the IJ to believe his testimony at the hearing over his airport interview. And we see no reason that the documents should have; Malik destroyed his credibility at the start by presenting a fraudulent passport, and his divergently inconsistent stories did nothing to resuscitate that lost credibility.

Because Malik has not established that he faces persecution if returned Pakistan, we deny the petition.